# 04-40140

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Rocky NAVARRO (true name)   )
    Petitioner   )
    Pro-Se   )
                                    ) No. 94-4113 C.A.
vs   )
                                    ) 8:CR-138 D.C.
United States of America   )
    Respondent   )

PETITION FOR A HABEAS CORPUS
TO ISSUE FOR THE CORRECTION OF
SENTENCE PURSUANT TO 28 USC 2241

**AND NOW**, appearing before this Honorable Court, is **Rocky NAVARRO**, may he hereinafter be known and referred to as the Petitioner, currently at bench in Pro-se.

Petitioner avers the below and ongoing factual information tao support the motion now before this Court.

-A-
JURISDICTION

This Honorable Court is vested with the authority to hear this matter, pursuant to 28 USC 2241(d). **Also see**: <u>Orito vs Powers</u> (1973) 479 F2d 435 "Petitioner, when incarcerated, shall bring the 2241 28 USC motion in the District Court where he is currently is imprisoned".

<u>In accord</u>, <u>Cowles vs Brooks</u>, 241 F.Supp.2d 579; <u>Blau vs United States</u> (1978) 566 F.2d 526.


-B-
## BRIEF SUMMARY OF PROCEEDINGS

On December 15, 1993, Petitioner **Rocky NAVARRO** was indicted by the Federal Grand Jury sitting within the District of Nebrasks. Count 1 charged Petitioner with possessing 50 grams of cocaine base, with intent to distribute, inviolation of **21 USC_8421(a)(1)**. Count two (2) charged Petitioner with using and carrying a firearm during and in relation ato a drug trafficking crime, in violation of **18 USC** 924(c)(1).

Petitioner, at arraignment, entered pleas of "not guilty". On April 21, 1994, the Grand Jury returned a superseding indictment, which added a third count, seeking for forfeiture of $3,135.00 in United States currency.

Trial by jury began on July 18, 1994. On July 19, 1994, the Jury returned its verdicts, finding Petitioner guilty as to Counts 1 and 2 of the indictment, and returned a special verdict forfeiting the $3.135.00 set forth in Count 3 of the indictment.

Your Petitioner appeared before the District Court for sentencing on November 21, 1994. AThe sentencing resulted in: (1) A term of one-hundred and sisty-eight (168) months on Count 1 of the superseding indictment, and a staturily mandated consecutive sentence of sixty (60) months on Count 2, for a total of 228 months imprisonment.

Petitioner, on November 28, 1994, filed his Notice of Appeal. The judgement and conviction order was filed with the Clerk of the District Court on December 9, 1994.

On June 26, 1995, the 8th Circuit Court of Appeals affirmed the decision of the United States District Court.

On August 24, 1995, Petitioner sought **28 USC** 2255 relief, charging **inter alia** ineffective assistance of counsel. On May 23, 1997, the United States, by order of May 7, 1997, responded to Petitioner application for relief. On December 28, 1995, the Honorable William G. CAMBRIDGE denied the Habeas petition.

This application for 2241, **28 USC** relief follows.

-F-
## QUESTION PRESENTED FOR REVIEW

Q.  Should **Rocky NAVARRO's** sentence be now reduced by two (2) points (USSG **18 USC 4A1.3**) in which were relied upon for a now dismissal of "then" pending criminal charges?

A.  **Yes**

-J-
## ARGUMENT

In sentencing your Petitioner on November 21, 1994, the Court, upon bequest of the United States Attorneys Office introduced a two (2) level offense score due to a "pending" state charge. **See**: **State of Utah vs Rocky NAVARRO**, No. 911601273.

At the time of the imposition of sentence, the State of Utah had not lodged a detainer upon Petitioner, **See**: Exhibit No. 1 attached hereto. This exhibit clearly demonstrates that the Sevier County Attorney, Richfield, Utah, did not lodge a detainer upon Petitioner until September 15, 1995, some ten (10) months

after sentencing.

Your Petitioner, on April 28, 1998, (**See** Exhibit No. 2), sought from prison staff assistance in asserting a speedy trial in the matter of **Utah vs Navarre**, supra.

Unbeknownst to **Mr. NAVARRO**, the Federal Bureau of Prisons (BOP) had earlier filed a motion on his behalf, seeking a speedy trial in **Utah vs Navarro**.

The result was a dismissal of charges and the detaining warrant subsequently removed from Mr.**NAVARRO**'s BOP file. The dismissal was entered upon the 11th day of November 1997. (**See**: exhibit no. 3).

The two (2) point enhancement can now not stand to cause him continued incarceration, nor at sentencing the two points should not have been styled to enhance the sentence, **18 USC 3553**. **See**: **United States vs Walker**, C.A. 7, 111 (1996) 98 F.3d 944. Simply put by the Walker Court found the guidelines do not permit the use of an arrest record to "Jack-Up" a defendants, as here, sentence, **18 USSG 4A1.3** and companion notes. Instantly, it was an error for the sentencing Judge to consider arrests which (had not) did not result in conviction in departing upwards.

The First Circuit Court of Appeals wrote, in **United States vs Pettiford**, 101 F.3d 199 (1st Cir. 1996), that it was a proper avenue of relief to bring a habeas corpus before the District Court to seek a reduction of his federal sentence, in that the State convictions were no longer applicable. The **Pettiford** Court found for the defendant and significantly reduced the federal

-4-

sentence in that, as here, the state sentence used as an enhancement was no longer in force[1/].

This application of incorrectly sentencing a criminal defendant to an enhanced sentence for a pending charge, where a detainer has not even been lodged, is too discussed at **18 USC 921(a)(20)**. This statute hereto appertaining, provides in relevant part:

> "What constitutes a conviction of such a crime shall be determined in accordance with the law of jurisdiction, in which a person has been pardoned, shall not be considered a conviction for purposes of this chapter."

If **NAVARRO**, the Utah detainer was met with a "Motion for Speedy Disposition of criminal charges". <u>See</u>: **18 USC App. 111** (the agreement, IDA).

Article III of the IDA provided **NAVARRO** with the authority to seek and initiate the final disposition of any untried indictments, information or complaint against him in a State on the basis of which a detainer has been lodged against him. Although this was a state matter, the several federal districts have been held to constitute separate states in this country. <u>See</u>: <u>**United States vs Bryant**</u>, 612 F.2d 806 (4th Cir. 1979)

Had the State of Utah determined it in their best interests to bring **Mr. NAVARRO** to trial, they would, pursuant to **Title 18 USC** IDA article IV present a habeas corpus and prosequerndum to

---

1/ While a mere detainer does not give rise to a conviction that was overturned, <u>Pettiford supra</u>. The sentencing Court here used, to enhance Petitioner, the framing of the guidelines which provided for an unsentenced conviction.

the BOP and removed **Mr. NAVARRO** to State custody to try him. **See**: **United States vs Reed**, 620 F2d 709, 711-12 (9th Cir.). Instantly, the demanding state, Utah, did not seek the return of **Rocky NAVARRO** to Utah for trial and, subsequently, dismissed the criminal indictment. **See**: **United States vs Mauro**, 436 US 340, 356-57(m)(24) (1978), "The detainer act and the speedy trial act deal with the same subject. Whenever possible, the interpretation of the acts should be discordant", id.

Your Petitioner should now enjoy the correct application of the guidelines **4A1, 2,(4)**, supra, in that the successful attack of his detainer should serve to reopen his Federal sentence 3553, supra, as enhanced by the detainer, **See Malend vs Cook**, 490 U.S. 448, 109 S.Ct. 1923, 204 L.ed.2d 540 (1989). This Court also found that a 2241 **28 USC** motion is the proper vehicle for correcting a sentence based upon errors made by the Sentencing Judge, **in accord**, **United States vs DiRusso**, 548 F.2d 372, 374-75 (1st Cir. 1976); **United States vs Boots**, 80 F.3d 580, 588 (1st Cir 1996); **Curtis vs United States,** 511 U.S. 485; 114 S.Ct 1732; 128 L.Ed.2d 517 (1994), announced that it is only after sentencing that a defendant may attack the conviction that contributed to that sentence. In this matter, it was "only knowledge" of a pending charge, with, as aforestated, the detainer was not even lodged until long after sentencing, **4A1.2**(4), supra.

Accordingly, your Petitioner should now be resentenced on his guideline sentence as a level 32 in criminal history category I, which, if the minimum of 121 months were imposed, it would permit

Mr. **NAVARRO** a timely removal from imprisonment.

**WHEREFORE**, for all of the reasons set forth in the foregoing motion, Petitioner prays his relief to be granted.

                                     Respectfully submitted,

                                     */s/ Rocky Navarro*
                                     Rocky NAVARRO
                                     Reg. No. 14144-047
                                     FMC Devens
                                     P.O. Box 879
                                     Ayer, MA   01432

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**DETAINER ACTION LETTER**

| TO: | Sevier County Attorney<br>Sevier County Courthouse<br>Richfield, UT 84701 | Institution<br>United States Penitentiary<br>Leavenworth, Kansas 66048 |
| --- | --- | --- |
| | | Date<br>September 15, 1995 |
| Re<br>Case No. 911601273 | Inmate's Name<br>NAVARRO, Rocky | Number<br>14144-047 |

Dear Sir:

The below checked paragraph relates to the above named inmate:

☐ This office is in receipt of the following report regarding the above named: _____. Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject.

☒ A detainer has been filed against this subject in your favor charging __Poss of a C/S__ _____. Release is tentatively scheduled for __06-13-2010__ however we will again notify you approximately 60 days prior to actual release.

☐ Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

☐ Your detainer warrant has been removed on the basis of the attached _____. Notify this office immediately if you do not concur with this action.

☐ Your letter dated _____ requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is _____.

☐ I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve _____ for the offense of _____.
If you wish your _____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☐ The above named inmate has been transferred to _____.
Your detainer/notification request has been forwarded.

☐ Other:

Sincerely,

Flora M. Magee
Inmate Systems Manager

Original White-Addressee
First Copy (Green)-Judgment & Commitment File
Second Copy (Canary)-Inmate
Third Copy (Pink)-Central File (Section 1)
Fourth Copy (Goldenrod)-Correctional Services Department

USP LVN

BP-394(58)
OCTOBER 1988

| R. DON BROWN<br>County Attorney | OFFICE OF<br>SEVIER COUNTY ATTORNEY<br>Sevier County Courthouse<br>RICHFIELD, UTAH 84701<br>TELEPHONE (801) 896-6612 | PAUL D. LYMAN<br>Deputy County Attorney |
|---|---|---|

August 30, 1995

Ms. Flora Magee
Inmate Systems Manager
United States Penitentiary
Leavenworth, Kansas  66048

Re:  State of Utah v. Rocky Navarro

Dear Ms. Magee:

Attached is a bench warrant which was issued when the defendant failed to appear for sentencing.

Please consider this bench warrant as our request for a detainer to be lodged with your agency.

Thank you for your attention to this matter.

Sincerely,

*R. Don Brown*

R. Don Brown

RDB/aes

Attachment

IN THE SIXTH JUDICIAL DISTRICT COURT

Sevier COUNTY, STATE OF UTAH

BENCH WARRANT

STATE OF UTAH
  VS.

DEFENDANT:
  NAVARRO, ROCKY
  1717 BONAKE
  OMAHA            NE

: Case no:        911601273 FS
: Circuit no:            911000092
: Date of birth: 02/20/44
: Dr license no:
: Social sec no:       -   -
: Vehicle lic no:
: Orig Agen #:
: OTN # : 423506

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF UTAH:

The above named defendant having been charged with the offense of
    POSS OF A C/S - 3RD DEGREE
committed on February 07, 1991 has failed to appear for hearing.

YOU ARE THEREFORE COMMANDED forthwith to arrest and bring
the defendant before the Honorable Judge TIBBS, DON V.
or to deliver the defendant to the custody of the sheriff of
the above named county until further order of the court.

    BAIL is set in the amount of      $25,000.00

ISSUED UNDER SEAL OF THIS COURT ON January 13, 1993.


This warrant may be served any time, day or night.

                    JUDGE TIBBS, DON V.

COPY                JUDGE / COURT CLERK

U.S. DEPARTMENT OF JUSTICE                                    INMATE REQUEST TO STAFF MEMBER
Federal Bureau of Prisons

DATE **APRIL 28, 1998**

TO: **MR. MICHAEL PUGH, WARDEN**
(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

On September 15, 1995, while I was in the USP Leavenworth, Kansas, a detainer was lodged against me on behalf of the seiver county, state of Utah. I believe this detainer is still in existence.

I hereby request, pursuant to Article III of the Interstate Agreements on Detainers, for "final disposition" of the matter. Please make the appropriate arrangement in accordance with subsection (c) of the said Article to process my request at the earliest possible. I greatly appreciate your help in this matter.

(Use other side of page if more space is needed)

NAME: **NAVARRO, Rocky**                              No.: **14144-047**

Work assignment: **FooD SERVICE**                     Unit: **P/B**

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)                    DATE _____

                                                              Officer _____

Original - File
Canary - Inmate

Previous editions not usable                                  OCT...

R. Don Brown #0464
Sevier County Attorney
Sevier County Justice Complex
835 East 300 North, Suite 100
Richfield, Utah 84701
Telephone: 896-2675

'97 NOV 17 AM 9 42

CLERK _____

IN THE SIXTH JUDICIAL DISTRICT COURT OF SEVIER COUNTY

STATE OF UTAH

| STATE OF UTAH, | : | |
|---|---|---|
| Plaintiff, | : | MOTION AND ORDER OF DISMISSAL |
| vs. | : | |
| ROCKY NAVARRO, DOB: 02/20/44 | : | Case No. 911601273 |
| Defendant. | : | |

Comes now the State of Utah and moves the Court for an Order of Dismissal without prejudice inasmuch as further prosecution is not warranted.

DATED this _____ day of November, 1997.

_____
R. DON BROWN
Sevier County Attorney

O R D E R

Good cause appearing, the above-captioned matter is dismissed without prejudice.

DATED this 13 day of November, 1997.

_____
DISTRICT COURT JUDGE

OFFICE OF
**SEVIER COUNTY ATTORNEY**

R. DON BROWN
County Attorney

Sevier County Justice Complex
835 East 300 North, Suite 100
Richfield, Utah 84701
Telephone (801) 896-2675

PAUL D. LYMAN
Deputy County
Attorney

October 29, 1997

I S M
F C I - Florence
P. O. Box 6500
Florence, Colorado 81226

Re: Rocky Navarro, SIXTH DISTRICT COURT, No. 911601273

Dear People:

This letter is to confirm that the hold placed by Sevier County in the case State of Utah vs. Rocky Navarro can be withdrawn.

Thank you for your attention to this matter.

Sincerely,

R. Don Brown

RDB:aes

VERIFIED WITH R. Don Brown
NAME & TITLE
TEL # (801) 896-2675   DATE 11/5/97
AT 9:45 a.m.   BY
TIME   STAFF SIGNATURE