UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROCKY NAVARRO,
        Petitioner

v.   C.A NO. 04-40140-RWZ

UNITED STATES OF AMERICA,
        Respondent.

**MEMORANDUM IN SUPPORT OF RESPONDENT'S
MOTION TO DISMISS PETITION FOR A HABEAS CORPUS
TO ISSUE FOR THE CORRECTION OF SENTENCE
PURSUANT TO 28 U.S.C. 2241**

Respondent David L. Winn, Warden of Federal Medical Center, Devens, (the "Respondent") by and through MICHAEL J. SULLIVAN, United States Attorney, District of Massachusetts, and JACK W. PIROZZOLO, Assistant United States Attorney, submits this Memorandum in Support of Respondent's Motion to Dismiss Petitioner Rocky Navarro's ("Navarro" or "Petitioner") Petition For A Habeas Corpus To Issue For The Correction of Sentence Pursuant To 28 U.S.C. 2241 (the "Petition"). For the following reasons, this Court lacks jurisdiction over Navarro's Petition and should dismiss it.

A. **Relevant Procedural and Factual History**

The following facts are drawn from Navarro's Petition. On July 19, 1994, a jury in the United States District Court for the District of Nebraska convicted Navarro of "possessing 50 grams of cocaine base, with intent to distribute" in violation of 21 U.S.C. § 841(a)(1). See Petition at 2. The jury also convicted Navarro of "using and carrying a firearm during and in

relation [to] a drug trafficking crime" in violation of 18 U.S.C. § 924(c)(1). Id. The jury also returned a special verdict of forfeiture in the amount of $3,135.00. Id.

On November 21, 1994, the trial court sentenced Navarro to 228 months imprisonment, consisting of 168 months for the drug conviction and a consecutive 60 months for the firearm conviction. Id. The United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence on June 26, 1995. Id. at 3. Thereafter, on August 24, 1995, Navarro filed a motion pursuant to 28 U.S.C. § 2255 ("section 2255") in the District of Nebraska. Id. In this first petition, Navarro claimed "inter alia, ineffective assistance of counsel." Id. According to Navarro, the court denied his section 2255 petition on December 28, 1995. Id.

On July 19, 2004, more than 8 years after the denial of his initial section 2255 petition, Navarro filed this Petition. On August 2, 2004, the Court issued an order requiring that the Respondent be served with a copy of Petitioner's motion and respond "within 20 days of receipt of this Order." Petitioner currently appears to be incarcerated in the District of Massachusetts.

**B.   Argument**

This Court should dismiss Petitioner's request for relief pursuant to 28 U.S.C. § 2241 because this Court lacks jurisdiction to entertain a collateral attack on Petitioner's conviction or sentence pursuant to 28 U.S.C. § 2241 or any other statute. Habeas corpus relief as provided by 28 U.S.C. § 2241 is available for a federal prisoner only where he is challenging the execution of his sentence as contrasted with the imposition of the sentence or the substance underlying the imposition. Courts have repeatedly held that federal prisoners may use 28 U.S.C. § 2241 "to attack [only] the execution, rather than the validity, of their sentences." United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); accord Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998) (domain of 28 U.S.C. § 2241 is motions

"concerning the execution but not the validity of the conviction and sentence -- for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release").

A federal prisoner who seeks to attack the validity of his sentence or conviction must rely on 28 U.S.C. § 2255 and must file the motion in the court of conviction. See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (petition pursuant to 28 U.S.C. § 2255 is proper way to attack the "imposition or illegality of the sentence"); accord Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)"), cert. denied, 452 U.S. 920 (1981); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence . . . is that provided for in 28 U.S.C. § 2255.") (internal quotation marks omitted; citation omitted). Except in rare circumstances not applicable here (as explained below), a section 2241 petition that states a section 2255 claim must be dismissed. See Barrett, 178 F.3d at 38; Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (dismissing section 2241 petition that stated claim under section 2255); see also Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D.Mass. 2001); Gonzalez v. United States, 150 F. Supp.2d 236, 241 (D.Mass. 2001).

Although the Petition is styled as a section 2241 petition, it is, in fact, seeking precisely the type of relief covered by section 2255. The central thrust of Navarro's Petition is that the sentencing court improperly calculated his criminal history level under the United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1, et seq. Navarro claims that the sentencing court erred in relying on a "detaining warrant" for an offense that was dismissed (in 1997) as a basis for calculating his criminal history. See Petition at 3-4. Specifically, he states that "it was error for the sentencing judge to consider arrests which (had not) did not result in conviction in

departing upwards." Id. at 4.  He argues that the dismissal of the detaining warrant "should serve to reopen his federal sentence . . . as enhanced by the detainer," and asks that he be resentenced as a "criminal history category I." Id. at 6.

By claiming that his sentence exceeded the sentence authorized by the U.S.S.G. and by seeking to correct the sentence, Navarro's Petition falls squarely within the scope of section 2255.  See 28 U.S.C. § 2255 ("A prisoner in custody under a sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the . . . laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").  Moreover, because the relief Navarro seeks is not a modification of the manner in which his sentence is being executed but rather a re-calculation of his sentence under the U.S.S.G., jurisdiction over this request lies in the district where sentence was imposed and not in the district of incarceration.  Id.

Although a section 2241 petition *may* be filed in lieu of a section 2255 motion in the rare case where it appears that a section 2255 motion "is inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255, such is not the case here.  Numerous court decisions have made it clear that a defendant's failure to obtain relief under section 2255 does not render that remedy either "inadequate" or "ineffective" within the statute's meaning.  See, e.g., Barrett, 178 F.3d at 50-53 & n.13; Triestman v. United States, 124 F.3d 361, 376-377 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); United States v. Pregent, 190 F.3d 279, 284 n.6 (4th Cir. 1999); McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir. 1979) (per curiam); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam); In re Davenport, 147 F.3d 605, 608-609 (7th Cir. 1998); Moore v. Reno, 185 F.3d 1054 (9th Cir. 1999) (per

curiam), cert. denied, 528 U.S. 1178 (2000); Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999). As the Sixth Circuit has explained,

> [T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.

Charles, 180 F.3d at 756 (citations omitted). Petitioner has not met that burden here.

In short, the issues raised in the Petition could only be raised in a section 2255 motion. Petitioner has, however, already filed and the court of conviction has already ruled on his first section 2255 petition. See Petition at 3. Section 2255 provides that a second or successive section 2255 motion must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence that proves the movant's innocence or "a new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Petitioner does not appear to have obtained any such certification. This Court should not permit Navarro to evade the requirements of section 2255 by styling his second or successive section 2255 motion as a petition for habeas corpus pursuant to section 2241. See Barrett, 178 F.3d at 38 (A prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241."). Navarro's petition should be dismissed.

C.  **Conclusion**

Because this Court lacks jurisdiction to entertain an attack on petitioner's conviction or sentence, the Respondent respectfully requests that the Petition be dismissed.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By: _____
JACK W. PIROZZOLO
Assistant U.S. Attorney

Date: August 23, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2004 I served a copy of the foregoing motion via first class mail on Petitioner.

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JACK W. PIROZZOLO
Assistant U.S. Attorney