UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 SEP 13 P 2: 77

U.S. DISTRICT COURT
DISTRICT OF MASS

Rocky NAVARRO )
    Petitioner )
    Pro-Se )
 )
vs )
 ) No. C.A. No 04-40140-RW2
 )
United States of America )
    Respondent )

### PETITIONER'S TRANVERSE
### TO UNITED STATES MOTION TO DISMISS
### HABEAS CORPUS APPLICATION PURSUANT TO 28 USC 2241

AND NOW, appearing before the Honorable Court in Pro-Se, is Rocky (true name) NAVARRO, may he hereinafter be known and referred to as the Petitioner.

Petitioner avers the below and ongoing factual information to support this tranverse now at bench.

### SUMMARY OF PRIOR PROCEEDINGS

Petitioner incorporates, by reference, the summary of case presented in his initial filing, 28 USC 2241(c)(3).

### SUMMARY OF ARGUMENT

While Mr. PIROZZOLO, Assistant United States Attorney, does not argue that it was a clear error to enhance my sentence due to an untried state indictment[1], he does, however, argue that this

---

1. Quite notably, a detainer was not even lodged until ten (10) months after sentencing, which was then, unknown to me, dismissed upon a Bureau of Prisons "demand for trial", Title 18 USC IADA, Article IV.

Court lacks jurisdiction, pursuant to **28 USC 2241(c)(3)**, to hear this matter. He seeks dismissal for lack of jurisdiction, and presents that Petitioner must come before the Court by avenue of a successive **28 USC 2255** motion. **See:** **28 USC 2244(b)(2)(A)**.

Petitioner presents, by this motion, that: (1) a successive **28 USC 2255** motion is clearly unavailable to Petitioner; (2) the error herein, *i.e.*, enhancing my sentence, relying upon an untried, unlodged detainer which was dismissed upon motion of the Bureau of Prisons, was a clear error (**See: Federal Rules of Criminal Procedure, Rule 52-B**; and not a "harmless error" as dictated by **Rule 52-A** of the Rules of Criminal Procedure; and (3) the Court retains jurisdiction to correct this Constitutional violation by issuing the prayed-for Writ of Habeas Corpus, **28 USC 2241**, supra.

### PART I

### A SUCCESSIVE 28 USC 2255 MOTION IS UNAVAILABLE TO PETITIONER

The successive **28 USC 2255** motion, *i.e.*, "Application for Post-Conviction Relief", will issue only upon approval of the Circuit by motion of the criminal Defendant.

The doors to open and gain a successive 2255 motion are, by design, extremely narrow, **28 USC 2244(b)(2)(A)**. The exceptions permitted for the issuance of an order from the Circuit Court to the District Court to hear the successive motion are: (1) newly discovered evidence; (2) a new rule of Constitutional law deemed retroactive by the Supreme Court; and (3) permitting collateral review.

The first, "newly discovered evidence" is not available to

-2-

Petitioner. In 1997, the Fourth (4th) Circuit found, <u>inter alia</u>, "newly discovered evidence" exception to bar on second or successive motions for post-conviction relief applies only to challenges to underlying conviction, and is not (emphasis added by **Navarro**) available to assert sentencing error. **28 USC 2255.** See: <u>In Re Vial</u>, 115 F.3d 1192 (4th Circuit, 1997).

Secondly, there is, by raising Constitutional error, no new rule of Constitutional law, and the basis for a collateral attack in that this has not been deemed retroactive and ripe for argument. <u>See</u>: <u>Coleman vs United States</u>, 106 F.3d 339, 341 (10th Cir, 1997); <u>United States vs Lorentsen</u>, 106 F.3d 278, 279 (9th Cir. 1977); <u>in re</u>: <u>Blackshire</u>, 98 F.3d 1293, 1294 (11th Cir 1996) (per curiam); and <u>Nunez vs United States</u>, 96 F.3d 990, 992 (7th Cir 1996) (these decisions are turned upon "Bailey" claims (____ U.S. at ____, 116 S.Ct. at 505, which argued that Bailey was an announced new rule of Constitutional law. These arguments all failed[2].

Here, with a sentencing enhancement issue, **18 USC 3553(a)**, **U.S.S.G. 4A1.1, 4A1.2 and 4A1.3.** There would be no threshhold question to present to the Circuit Court, **28 USC 2244(b)(2)(A)**, and an order to proceed would not be granted.

## PART II

### TO PROCEED WHEN 2255 28 USC IS UNAVAILABLE

The Circuits have consistently held, as instantly, when the

---

[2] Petitioner equates the "rush to the Courthouse" in Bailey with the recent decisions of <u>Apprendi</u>, <u>Blakely</u>, and <u>Ring</u> where relief is only found on direct appeal.

2255 motion is inadequate, unavailable or ineffective to test the legality of a sentence relief is then available under 2241, **Triestman vs United States** 124 F.3d 361 (2nd Cir. 1997) (permitting the assertion of a Bailey issue under **2241(c)(3)** when, as in **NAVARRO**, 2255 is foreclosed by the AEDPA); **in Re Dorsainvil**, 119 F.3d 245 (3rd Cir. 1997) (same). It, too, is important to present that other Circuits have hinted that Habeas relief might be available if a remedy is foreclosed under 2255 because of the AEDPA. **See:** **United States vs Lorentson**, 106 F.3d 278, 279 (9th Cir. 1997); **in re Vial**, 115 F.3d 1192, 1198-99 (4th Cir. 1997)(concurring opinion). In **Lorentsen**, the Defendant ineffectively argued that absent the 2255 avenue of relief, he was without a remedy. The Justices, Honorable(s) **LAY, GOODWIN** and **SCHROEDER**, wrote, Id at 279, "specifically, **LORENTSEN** has not sought a writ of habeas corpus under **28 USC 2241**. The Justices noted the restrictions imposed by **Felker vs Turpin**, 116 S.Ct. 2333, 2339 (1996); **Greenavalt vs Stewart**, 105 F.3d 1287 (1997).

It was further written, 106 F.3d 278, at 279, that "Section 2255 expressly provides that a Federal prisoner may seek habeas review if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." **28 USC 2255**; accord **United States vs Hayman**, 342 U.S. 205, 223 (1952) ("In a case where the Section 2255 procedure is shown to be inadequate or ineffective, the Section (2241) provides that the habeas corpus remedy shall remain open to afford the necessary hearing.").

## POINT III

### PETITIONER SHOULD NOW BE PERMITTED TO PROCEED BEFORE THE COURT PURSUANT TO 28 USC 2241(c)(3)

As aforementioned, a successive **28 USC 2255** motion will be available to him.  <u>See</u>:  <u>28 USC 2244(b)(2)(A)</u>.

This provision mandates that, in the case of successive petitions, only the Supreme Court can give a new rule retroactive applicability.  <u>See</u>: <u>Tyler vs Cain</u>, 553 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2D 632 (2001) as **NAVARRO**'s petition is being considered under 2241, and his prior motion was brought under 2255, his current petition, **28 USC 2241(C)(3)**, qualifies as his first habeas corpus petition for retroactivity purposes.  <u>See</u>:  <u>Triestman vs United States</u>, 124 F.3d 361, 373, n. 17 (2nd Cir 1997) (finding that, if Petitioner were to raise a Bailey claim in a 2241 petition, it would be his "first habeas corpus petition" since he had previously filed only 2255 petitions); cj <u>Chambers vs United States</u>, 106 F.3d 472, 475 (2nd Cir 1997) ("because sections 2255 and 2241 address different types of claims, filing a 2255 motion after filing a Section 2241 motion does not trigger the gatekeeping provisions of Section 2244")  <u>Also see</u>, <u>Yu vs United States</u>, 183 FS.2d 657 (S.D.N.Y. 2002).  Although Yu was denied, he was permitted to pass the gatekeeping clause of **28 USC 2244(B)(2)(A)**, and present conspiracy, narcotic and CCE issues, by **28 USC 2241(C)(3)** when the Court found, as in **NAVARRO**, that he did, in fact, bring a prior 2255 motion, but this was his first 2241(C)(3) motion, thus, no gatekeeping to to overcome, **28 USC 2244 (b)(2)(A)**.

Lastly, in a 2003 First Circuit decision, <u>Jackson vs Coalter</u>,

-5-

337 F.3d 74 (1st Cir. 2003), a state criminal Defendant came before the Court by a 2254, **28 USC** (habeas application by a person in state custody). Defendant **JACKSON** was found not improperly before the Court, but perhaps prematurely.

The District Court, on it's own motion, styled **Jackson's** 2254 motion as an application for habeas corpus relief pursuant to **28 USC 2241(C)(3)**, and adjudicated the matter upon the basis of 2241(C)(3) and not 2254, a criminal armed robbery charge.

Accordingly, Mr. **NAVARRO** prays the Court to allow him to proceed as presented in his initial filing, **28 USC 2241(C)(3)**. Additionally, if the Court deems appropriate he seeks an evidentiary hearing, habeas Rule 8, and the appointment of counsel, Rule 8(d) **Title 18 USC 3006A**.

Respectfully Submitted,

Rocky NAVARRO
Reg. No. 14144-047
FMC Devens
P.O. Box 879
Ayer, MA  01432

## UNSWORN VERIFICATION

I, **Rocky NAVARRO**, do depose that, subject to **28 USC 1746**, all of the statements in the foregoing motion are true and correct to the best of my knowledge, information and belief.

Respectfully Submitted,

*/s/ Rocky Navarro*
Rocky NAVARRO
Petitioner
Pro-Se

## CERTIFICATE OF SERVICE

I, **Rocky NAVARRO**, do state that I have served a true copy of the preceeding motion on the persons below listed. Service made by first class mail this 10TH day of ~~August~~ September, 2004.

Honorable Rya W. ZOBEL
United States District Judge
District of Massachusetts
1 Courthouse Way, Chambers
Boston MA  02210

Clerk of the Court
United States District Court
1 Courthouse Way, Suite 2300
Boston, MA  02210

United States Attorney
District of Massachusetts
United States Courthouse
1 Courthouse Way
Boston, MA  02210

Respectfully Submitted,

Rocky NAVARRO
Reg. No. 14144-047
FMC Devens
P.O. Box 879
Ayer, MA  01432